UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICK D. POPPE,<br><br>                           Plaintiff,<br>      v.<br>UNITED STATES,<br><br>                           Defendant. | Case No. 2:14-cv-02103-KJD-PAL<br><br>ORDER<br><br>(Mot Stay – Dkt. #19) |

Before the court is the United States' Motion to Stay (Dkt. 19). The court has considered the Motion, Plaintiff's Response (Dkt. #20), and the United States' Reply (Dkt. #21).

**BACKGROUND**

The Complaint (Dkt. #1) in this case was filed December 14, 2014. It involves a claim under the Federal Torts Claims Act ("FTCA") for dental malpractice Plaintiff alleges he discovered in July 2012. Complaint (Dkt. #1) ¶¶1 & 7. Plaintiff submitted an FTCA claim to the VA on June 3, 2013. *Id.*, ¶7. The VA denied Plaintiff's FTCA claim, but informed him of his right to file suit in Federal Court within six months "of the mailing of this notice" on November 26, 2013. *Id.,* ¶8. On May 27, 2014, Plaintiff filed a case captioned *Poppe v. U.S. Department of Veteran Affairs*, 2:14-cv-0832-GMN-GWF. *Id.*, ¶9. On December 12, 2014, Plaintiff stipulated to voluntarily dismiss the first filed action "for the purpose of permitting him to refile the civil action in order to comply with a state requirement necessitating an affidavit submitted in conjunction with a complaint alleging medical/dental malpractice." *Id.*, ¶10.

The United States responded to Plaintiff's complaint by filing a Motion to Dismiss (Dkt. #9) May 18, 2015. The motion to dismiss is now fully briefed and under submission to the district judge. On June 9, 2015, the parties submitted a proposed Discovery Plan and Scheduling

1

1   Order (Dkt. #12) which the court approved, establishing a November 13, 2015, discovery cutoff
2   and other deadlines consistent with LR 26-1(e).

3         In the current motion, the United States seeks an order staying discovery pending the
4   ruling on its motion to dismiss asserting that Plaintiff's claim is time-barred because the suit was
5   not brought within six months after the agency's November 26, 2013 denial letter.  The United
6   States asserts that it submitted a stipulated discovery plan and scheduling order before filing this
7   motion to stay to satisfy its obligations under the Local Rules, and because defense counsel
8   needed an opportunity to evaluate the merits of the motion to dismiss, and the court needed an
9   opportunity to review the parties' positions on the motion to dismiss before evaluating the
10  propriety of the stay.  The United States asserts that there is no dispute that the time bar began
11  running from November 26, 2013, the date on which the agency issued its letter denying Poppe's
12  administrative tort claim.  Poppe filed a previous lawsuit, within the six-month deadline, and
13  Poppe filed this case December 12, 2014, seven months after the expiration of the six-month
14  deadline.  Since this case is time-barred, and Plaintiff has not established a basis for equitable
15  tolling, discovery should be stayed until the motion to dismiss is decided.

16        Poppe opposes the motion to stay arguing the United States proposed the discovery plan
17  and scheduling order which the court approved, that Plaintiff has propounded written discovery
18  in this case and is moving forward in an effort to meet all discovery deadlines that were jointly
19  proposed, and the court should therefore deny the motion.

20        The United States replies that a stay of discovery is warranted because the pending
21  motion to dismiss is potentially dispositive of the entire case, and the motion to dismiss can be
22  decided in the absence of discovery.  Plaintiff's opposition did not address these points or the
23  relevant factors for granting the stay.  Additionally, although Plaintiff indicates he served written
24  discovery requests, he did not advised the court that he served them the evening before his
25  opposition to this motion was due.

26  **DISCUSSION**

27        The Federal Rules of Civil Procedure do not provide for an automatic or blanket stays of
28  discovery when a potentially dispositive motion is pending.  *Skellercup Indus. Ltd. v. City of Los*

1  *Angeles,* 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) (stating that if the Federal Rules contemplated
2  a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would contain such a
3  provision, and finding that a stay of discovery is directly at odds with the need for expeditious
4  resolution of litigation).  However, common situations in which the court may determine that
5  staying discovery pending a ruling on a dispositive motion exists when dispositive motions
6  weigh issues of jurisdiction, venue or immunity.  *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.
7  1981) (*per curiam*).

8  The purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to
9  challenge the legal sufficiency of a complaint without subjecting themselves to discovery.
10 *Rutman Wine Co. v. E & J Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987).  In evaluating
11 motions to stay while a dispositive motion is pending, I have consistently considered the goal of
12 Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall "be construed
13 and administered to secure the just, speedy, and inexpensive determination of every action."
14 Discovery is expensive.  Plaintiff's opposition to the motion to dismiss does not claim that
15 discovery is required to oppose the motion.  Rather, his opposition to the motion to dismiss
16 argues that Poppe timely initiated this litigation within the applicable six-month limitation, and
17 alternatively, even if this lawsuit was commenced outside the limitation "non-jurisdictional
18 claims of the type involved here are subject to a rebuttable presumption in favor of 'equitable
19 tolling.'"  As these are questions of law and Plaintiff does not need discovery for the issues to be
20 decides the motion will be granted.

21 The court has reviewed the moving and responsive papers and taken a "preliminary peek"
22 at the parties' briefs on the motion to dismiss and finds that the objectives of Rule 1 would be
23 best served by a stay of discovery pending the outcome of the motion.  Accordingly,

24 **IT IS ORDERED** that the United States' Motion to Stay (Dkt. #19) is **GRANTED**.

25 DATED this 17th day of August, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3