UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| PATRICK D. POPPE,<br><br>         Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | Case No. 2:14-CV-02103-KJD-PAL<br><br><br>ORDER |
|---|---|

Presently, before the Court is Defendant's Motion to Dismiss (#9). Plaintiff filed a response in opposition (#16) to which Defendant replied (#18).

**I. Background**

Plaintiff, Patrick D. Poppe, a veteran of the United States Navy, sought medical attention through a United States Department of Veterans Affairs ("VA") medical facility for dental care and treatment. Plaintiff was treated by Drs. Jennifer Fong, Richard Hibben and Scott Cheever. Plaintiff alleges that on approximately July 10, 2012, the implants he received from Defendant's employees were improperly positioned relative to the alignment of his upper teeth, that implants were inserted in a vertical position and were not correctly angled, that one of the implants previously installed was damaged and cracked, and the seat of the top flush surface was mangled as a result of the "Nobel Bio-Care" implants utilized by Dr. Fong. Additionally, Plaintiff alleges the use of improper tools by Dr. Fong during the adjustment and installation of the implants.

1  Plaintiff subsequently filed a Federal Tort Claims Act ("FTCA") claim with the VA upon
2  discovery of his injury.  The VA denied his claim by letter dated November 26, 2013 stating, in
3  pertinent part, that Plaintiff "may file suit directly under the FTCA," Title 28 of the United States
4  Code ("U.S.C.") sections 1346(b) and 2671-2680, but that he "must initiate the suit within six
5  months of the mailing of this notice as shown by the date of this denial" or by May 26, 2014.
6  (#16).
7  Plaintiff filed a complaint, *pro* se, with the U.S. District Court for the District of Nevada
8  challenging the denial of his FTCA claim on May 27, 2014.  May 26, 2014 was a federal
9  holiday.  See Patrick D. Poppe v. United States Department of Veterans Affairs, 2:14-cv-0832-
10  GMN-GWF ("Initial Complaint").  The VA subsequently moved to dismiss Plaintiff's claim on
11  the grounds that it lacked an accompanying affidavit as required by Nevada Revised Statute
12  ("NRS") 41A.071.
13  On or about October 28, 2014, Plaintiff retained counsel and entered a stipulation to
14  dismiss his case without prejudice on December 12, 2014.  Plaintiff filed the present cause of
15  action the same day with an accompanying affidavit from Dr. Phillip Devore.
16  Presently, Plaintiff asserts a negligence cause of action, specifically, dental malpractice
17  under §§2671-2680 of the FTCA.
18  **II. Legal Standard**
19      A.  Motion to Dismiss
20  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief
21  can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and
22  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
23  8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not
24  require detailed factual allegations, it demands more than "labels and conclusions or a formulaic
25  recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
26  (citations omitted).  "Factual allegations must be enough to raise a right to relief above the

1  speculative level." Twombly, 550 U.S. at 555.  Thus, "[t]o survive a motion to dismiss, a
2  complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its
3  face.'"  Iqbal, 556 U.S. at 678 (citation omitted).
4      In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply
5  when considering motions to dismiss.  First, a district court must accept as true all well-pled
6  factual allegations in the complaint; however, legal conclusions or mere recitals of the elements
7  of a cause of action, supported only by conclusory statements, are not entitled to the assumption
8  of truth.  Id. at 678.  Second, a district court must consider whether the factual allegations in the
9  complaint allege a plausible claim for relief.  Id. at 679.  A claim is facially plausible when the
10 plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the
11 defendant is liable for the alleged misconduct.  Id. at 678.  Further, where the complaint does not
12 permit the court to infer more than the mere possibility of misconduct, the complaint has
13 "alleged—but it has not show[n]—that the pleader is entitled to relief."  Id. at 679 (internal
14 quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from
15 conceivable to plausible, the complaint must be dismissed.  Twombly, 550 U.S. at 570.
16 Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in
17 the light most favorable to the non-moving party."  In re Stac Elecs. Sec. Litig., 89 F.3d 1399,
18 1403 (9th Circ. 1996) (citation omitted).
19     **B. Federal Courts have Exclusive Jurisdiction over FTCA Medical Malpractice**
20 **Claims.**
21     Claims of medical malpractice against federally-funded health care facilities and their
22 employees acting in the scope of their employment must be pursued against the United States
23 under the FTCA.  See 42 U.S.C. § 233(g).
24     The district courts have exclusive jurisdiction of civil actions on claims against the
25 United States, for money damages, accruing on and after January 1, 1945, for injury or loss of
26

property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  28 U.S.C.A. §1346(b)(1).  See Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992) (The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees.").

### C. FTCA Limitation of Actions

A tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing" of notice of final denial of the claim by the agency to which it was presented.  28 U.S.C. §2401(b).  See also, Galvan v. United States, 957 F. Supp. 2d 1182, 1184-85 (E.D. Cal. 2013).  The Ninth Circuit has construed the language of the statute to require satisfaction of both time limits.  Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984) ("Section 2401(b) establishes two jurisdictional hurdles both of which must be met.  A claim must be filed with the agency within two years of the claim's accrual, and the claimant must file suit within six months of administrative denial of the claim.  If either requirement is not met, suit will be time barred").  Failure to satisfy Section 2401(b) requirements deprives a court of subject matter jurisdiction.  Marley v. United States, 567 F.3d 1030, 1038 (9th Cir. 2009); see also Warren v. United States Dep't of Interior Bureau of Land Management, 724 F.2d 776, 778 (9th Cir. 1984) (finding related to statute 28 U.S.C. §2675(a) sets out subject matter jurisdiction, "[t]he plaintiff is permitted to sue the United States only after the claim is denied or six months have elapsed without final disposition by the agency").

**D. Nevada State Affidavit Requirement**

Because the FTCA requires a plaintiff to bring a cause of action against the United States "in accordance with the law of the place where the act or omission occurred," we must apply Nevada Revised Statutes ("NRS").   Pursuant to NRS 41A.071:

> If an action for medical malpractice or dental malpractice is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

**III. Discussion**

A. Plaintiff's Cause of Action is Time Barred

Plaintiff alleges that his present cause of action is timely pursuant to the statute of limitations set forth in the FTCA.  Within two years of discovering the injury, Plaintiff filed an FTCA claim with the VA.  By letter dated, November 26, 2013 the VA denied Plaintiff's FTCA claim and notified him that "he may file suit directly under the FTCA, 28 U.S.C. §§1346(b) and 2671-2680," but that he "must initiate the suit within six months of the mailing of this notice as shown by the date" of the denial letter or by May 26, 2014.  (#16).  Plaintiff, who was acting *pro se* at the time, attempted to file his claim in federal court on May 26, 2014, but discovered that the courthouse was closed for the Memorial Day Holiday.  (#16).  As a result, Plaintiff initiated suit the next day, May 27, 2014. (#16).  The United States subsequently moved to dismiss Plaintiff's cause of action on the basis that it was time-barred.  One month later, Plaintiff attempted to cure his incomplete complaint with an amended complaint including the affidavit of Dr. Phillip Devore.

Pursuant to NRS 41A.071, a complaint filed without a supporting medical expert affidavit is void ab initio and must be dismissed.  <u>Washoe Med. Ctr. v. Second Judicial Dist.</u>

5

Court of State of Nev. ex rel. Cnty. of Washoe, 148 P.3d 790, 792 (Nev. 2006).  Because a "void complaint does not legally exist, it cannot be amended."  Id.  An NRS 41A.071 defect "cannot be cured through amendment."  Id.  Thus, Plaintiff's previous complaint could not be amended.

The present complaint was filed on December 12, 2014.  Because this complaint arises from the cause of action for which Plaintiff originally filed his FTCA claim, and because the initial complaint was both voluntarily dismissed by Plaintiff without prejudice and considered void ab initio as a matter of law, it falls well outside the six month statute of limitations required by the FTCA, and therefore falls outside of the jurisdiction of this court.  Accordingly, Plaintiff's cause of action is time-barred pursuant to the FTCA.

### B. Equitable Tolling Does Not Apply to Plaintiff's Cause of Action

The doctrine of equitable tolling applies to extend the limitations period in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim, or where the party invoking the doctrine has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  See Hensley v. United States, 531 F.3d 1052 (9th Cir. 2008).  Furthermore, both the Ninth Circuit and the United States Supreme Court have held that §2401(b) of the FTCA is subject to equitable tolling.  See Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1035 (9th Cir. 2013).  See also United States v. Kwai Fun Wong, 135 S. Ct. 1625 (2015).

While the equitable tolling doctrine applies to FTCA claims, Plaintiff bears the burden of establishing (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way.  Wong, 732 F3d. at 1052.

Plaintiff filed his previous complaint on May 27, 2014, exactly six months and one day (due to the federal holiday) after the VA's letter denying his claim.  It is arguable that waiting

until the last possible day to file a claim within the statute of limitations is a diligent pursuit of one's rights.  Defendant filed its previous motion to dismiss on September 15, 2014, and Plaintiff did not respond until December 12, 2014 with a voluntary dismissal of his initial complaint.  Certainly, the law was already not in Plaintiff's favor due to his initial incomplete complaint, however; this additional delay in response does not give the appearance of diligence on Plaintiff's part.

Plaintiff alleges that the VA failed to inform him of the affidavit requirement in its November 26, 2014 denial letter, and as a result, he should not be held accountable for failing to meet this requirement.   While a document filed *pro se* is "to be liberally construed," and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Defendant is not expected, nor required to hand-hold Plaintiff through the process of filing a complete complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007). Because litigation is adversarial in nature, a plaintiff would be remiss to rely on a defendant to provide guidance or legal advice, such as the requirements for a medical malpractice complaint under state law.  Defendant fulfilled its duty under the law by informing Plaintiff of his need to file a complaint within six months of the date of the final denial of Plaintiff's claim.  Further, Plaintiff has not provided sufficient facts to merit an extraordinary circumstance that would satisfy the second requirement of the equitable tolling standard.  Accordingly, Plaintiff's cause of action is not subject to equitable tolling.

**IV. Conclusion**

Plaintiff's cause of action is time-barred because it falls outside of the applicable statute of limitations set forth in the FTCA. 28 U.S.C. § 2401(b).  Additionally, Plaintiff failed to provide sufficient facts to support an application of the doctrine of equitable tolling.

7

In accordance with the above discussion, Defendant's Motion to Dismiss (#9) is **HEREBY GRANTED**, with Plaintiff's complaint **DISMISSED** without prejudice.

DATED this __23rd__ day of September 2015.

_____
Kent J. Dawson
United States District Judge

8